# UNITED STATES DISTRICT COURT
для the
Middle District of Georgia

| | |
|---|---|
| United States of America | )  |
| v. | ) Case No: 5:16-CR-00017-001 |
| Geoffrey L. Larry | ) |
| | ) USM No: 99611-020 |
| Date of Original Judgment: August 8, 2017 | ) |
| Date of Previous Amended Judgment: N/A | ) John P. Cole |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the Policy Statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of     170     months **is reduced to**     153    .

*(Complete Parts I and II of Page 2 when motion is granted)*

The defendant was originally sentenced on August 8, 2017, to 170 months imprisonment, two months above the bottom of the 168 to 210 month guideline range, after pleading guilty on February 28, 2017, to Distribution of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). At the time he was sentenced, the defendant's criminal history subtotal was three (3). As he was under a criminal justice sentence at the time he committed the instant offense, two (2) criminal history "status points" were added, yielding a total score of five (5) and a Criminal History Category of III. However, retroactive Amendment 821, Part A, of the *United States Sentencing Guidelines* reduces criminal history status points to one (1) point for defendants with seven (7) or more criminal history points; defendants with fewer than seven (7) criminal history points do not receive any additional points. Therefore, under the retroactive amendment, the defendant would not receive any points for being under a criminal justice sentence, his total criminal history score would be three (3), his Criminal History Category would be II, and his guideline sentencing range would be 151 to 188 months based upon a Total Offense Level of 33.

The Government agrees the defendant is eligible for a reduction but argues a reduction is not appropriate because the defendant might pose a significant risk of danger to the community (Doc. 264). The Government relies primarily on "pending investigations" by state authorities of incidents that occurred nearly a decade ago. Speculation about what those investigations might yield should not deprive the defendant of a benefit to which he is entitled. Accordingly, the Court adopts the amended guideline range of 151 to 188 months and reduces the defendant's sentence to 153 months, 2 months above the bottom of the amended guideline range. The defendant's Motion for Reduction of Sentence (Doc. 263) is accordingly **GRANTED**. The defendant's motion to appoint counsel (Doc. 266) is **TERMINATED as moot**.

Except as otherwise provided, all provisions of the judgment dated     August 8, 2017     shall remain in effect.

**IT IS SO ORDERED**.

Order Date: 09/23/2024

S/ Marc T. Treadwell
*Judge's signature*

Effective Date: _____
*(if different from order date)*

Marc T. Treadwell, U.S. District Judge
*Printed name and title*